IN RE DISQUALIFICATION OF VILLANUEVA.

HUGHES, EXR., *v.* CUYAHOGA COUNTY REPUBLICAN
PARTY EXECUTIVE COMMITTEE ET AL.

[Cite as *In re Disqualification of Villanueva*
(1995), 74 Ohio St.3d 1277.]

(No. 95–AP–086—Decided July 11, 1995.)

MOYER, C.J.  Affiant is counsel for the defendant in the above-captioned case and has filed an affidavit seeking the disqualification of Judge Jose A. Villanueva from the above-captioned case.  Affiant contends that the plaintiff and one of the individual defendants are members of the county board of elections, which exercises certain statutory responsibilities over county elections and elected officials, including judicial elections.  Because these parties are members of the board of elections and because Judge Villanueva is an elected official, affiant asserts that Judge Villanueva has an interest in this matter that raises an appearance of impropriety and mandates his disqualification from the underlying matter.

The record indicates that the underlying action was filed in June 1994 and assigned to Judge Villanueva.  After assuming responsibility for this case, Judge Villanueva conducted pretrial activities, including a case management conference at which a trial date of June 26, 1995 was established.  This affidavit was filed on June 20, 1995.

Generally, an affidavit of disqualification should not be used to disqualify a judge after lengthy proceedings have transpired in the case.  *In re Disqualification of Walker* (1988), 36 Ohio St.3d 606, 522 N.E.2d 460.  Moreover, a party may be said to have waived the right to obtain disqualification where the alleged basis for disqualification was known for some time and the judge has participated in the proceedings.  *In re Disqualification of Pepple* (1989), 47 Ohio St.3d 606, 546 N.E.2d 1298.  As is the case here, the underlying action in *Pepple* had been pending for more than one year at the time the affidavit was filed, the grounds for disqualification had existed since the case was filed, the judge had participated in several proceedings associated with the case without objection from the parties, and the affidavit of disqualification was filed just days before the scheduled trial.

Notwithstanding the delay in filing the affidavit of disqualification, affiant fails to demonstrate the manner in which the status of the parties as members of the county board of elections creates an interest that mandates Judge Villanueva's disqualification.  Judges are elected to preside fairly and impartially over a variety of legal disputes, including those involving public officials such as mem-

bers of the board of elections. Although there have been circumstances in which the participation of a judge in a case that directly or indirectly involves the interest of another public official has been found to create an appearance of impropriety that mandates the disqualification of that judge, the record does not support such a finding in this instance.

For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Villanueva.