IN RE DISQUALIFICATION OF LEWIS.

BUCKINGHAM COAL CO. *v.* SANTO.

[Cite as *In re Disqualification of Lewis,* 117 Ohio St.3d 1227, 2004-Ohio-7359.]

(No. 04–AP–074—Decided July 26, 2004.)

MOYER, C.J.

{¶ 1} Attorney Michael Long has filed an affidavit with the Clerk of this court, under R.C. 2701.03, seeking the disqualification of Judge Linton Lewis from acting on any further proceedings in *Buckingham Coal Co. v. Santo,* case No. 03–CV–00252 in the Court of Common Pleas of Perry County.

{¶ 2} Long alleges that Judge Lewis is biased against Long's co-counsel, Dean Wilson. Wilson serves as the part-time judge of the County Court of Perry County and also practices law with a law firm in Zanesville. Wilson filed the pending suit in Perry County Common Pleas Court on behalf of the plaintiff coal company last year.

{¶ 3} The allegation of bias stems from a criminal case filed against Judge Lewis's brother in the county court over which Wilson presides. Judge Lewis's brother sought Wilson's removal from the case in June of this year, alleging that Wilson was prejudiced against the Lewis family. Wilson recused himself, explaining that there was an appearance of impropriety because he practices law before the defendant's brother. In the entry recusing himself, Wilson acknowledged that in his personal capacity he had expressed his belief that collecting a judicial salary while at the same time receiving state retirement benefits for past judicial service, as Judge Lewis intended to do, was "highly inappropriate." Also

in the entry, Wilson rejected the assertion that his private remarks indicated a prejudice against Judge Lewis or his brother.

{¶ 4} The affidavit of disqualification filed here against Judge Lewis asserts that a "tense relationship" now exists between Wilson and Judge Lewis because of the entry mentioned above and because Judge Lewis has made public-record requests for the tape recordings of county-court proceedings in Wilson's courtroom involving Judge Lewis's relatives: his brother and his niece.

{¶ 5} Judge Lewis has responded to the affidavit, and he indicates that he is willing and able to serve fairly and impartially as the judge for this and other cases in which Wilson represents a party. Judge Lewis acknowledges that he and Wilson disagree about the propriety of Ohio judges collecting both a judicial salary and judicial retirement benefits, but he denies that the disagreement affects his ability to preside fairly over this case.

{¶ 6} I find no basis for disqualifying Judge Lewis in this case. Neither the affidavit nor the judge's response points to any hostility on the judge's part toward Wilson or toward the plaintiff, and the judge's mere request for tape recordings of courtroom proceedings involving his relatives is not an act from which I can infer any bias or prejudice against Wilson.

{¶ 7} To be sure, Wilson probably did not endear himself to Judge Lewis by publicly criticizing the possibility that Judge Lewis will collect both a salary and state retirement benefits. And the circumstances of this case demonstrate the problems that can arise from the fact that the law in Ohio allows for part-time judges and permits lawyers who practice law one day to serve as a judge in the same jurisdiction on another day. In the end, though, the affidavit presents nothing more than Long's subjective belief that Judge Lewis may be biased against Wilson and the plaintiff. Subjective belief of bias is generally not sufficient to support an affidavit of disqualification. Flamm, Judicial Disqualification (1996) 162, Section 5.6.3. See, e.g., *Hunt v. Mobil Oil Corp.* (S.D.N.Y.1983), 557 F.Supp. 368, 376 ("The test is not the subjective feelings of the plaintiffs").

{¶ 8} The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is, instead, an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality. Canon 3(E)(1) of the Code of Judicial Conduct ("A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned").

{¶ 9} In this case, Judge Lewis appears to have taken no action and made no comment that might prompt a reasonable and informed observer to question his impartiality. Certainly Judge Lewis should scrupulously avoid hearing any case that he feels he cannot approach with a spirit of fairness, but in this case, he has

responded to the affidavit with a statement expressing his view that he can serve fairly and impartially, and he has done and said nothing to suggest otherwise.

{¶ 10} I am not inclined to remove a judge from a case simply because an attorney, while acting as a judge, made unfavorable comments about the judge before whom he is appearing as an attorney. Just as we ordinarily assume that an attorney's or party's vocal opposition to the election of a judge will not prevent the judge from fairly and impartially presiding over cases in which that attorney or party appears—see, e.g., *In re Disqualification of Cleary* (1996), 77 Ohio St.3d 1246, 674 N.E.2d 357—so we assume that attorney Wilson's criticism of Judge Lewis's possible collection of both a judicial salary and state retirement benefits will not cause Judge Lewis to harbor any bias that might affect his ability to serve impartially in Wilson's cases.

{¶ 11} And though a judge's subjective belief as to his or her own impartiality is generally not the decisive factor in deciding a disqualification request, the judge's own assessment is certainly entitled to some weight, as other courts have suggested. Flamm, supra, 158, Section 5.6.2. See, e.g., *Ellis v. Procter & Gamble Distrib. Co.* (1993), 315 S.C. 283, 285, 433 S.E.2d 856 ("we accord great weight to the trial judge's assurance of his own impartiality"); *Wood v. Wood* (Me.1992), 602 A.2d 672, 674 (a judge need not recuse herself if she believes she can act with complete impartiality and if there are no reasonable grounds for questioning that assessment).

{¶ 12} Nothing in Judge Lewis's response or in his administration of the case suggests to me that the "presumption of impartiality that is accorded all judges," *In re Disqualification of Celebrezze,* 101 Ohio St.3d 1224, 2003-Ohio-7352, 803 N.E.2d 823, ¶ 7, has been overcome in this case. See, also, *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5 ("A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions"). Absent some evidence of bias or some objective indication that a reasonable observer would question Judge Lewis's impartiality, he need not step aside.

{¶ 13} For the reasons stated above, the affidavit of disqualification is denied. The case shall proceed before Judge Lewis.