In re Disqualification of Celebrezze.

O'Malley v. O'Malley.

[Cite as *In re Disqualification of Celebrezze*,
105 Ohio St.3d 1241, 2004-Ohio-7360.]

1242

(No. 04–AP–079—Decided August 9, 2004.)

MOYER, C.J.

{¶ 1} Attorney Laurence A. Turbow—counsel for the plaintiff—has filed an affidavit with the Clerk of this court under R.C. 2701.03 seeking the disqualification of Judge James P. Celebrezze from acting on any further proceedings in case No. DR–04–299141 in the Court of Common Pleas of Cuyahoga County, Domestic Relations Division.

{¶ 2} Affiant alleges that no current or retired judge in Cuyahoga County should be assigned to hear the parties' divorce case because the defendant in the case is a county officeholder who has significant personal and professional connections to many judges in the county.

{¶ 3} Judge Celebrezze has responded to the affidavit, and he states that he is prepared to address the case fairly and impartially. He has not run for public office at the same time as defendant Patrick J. O'Malley and indicates that he has not received any election-related assistance from O'Malley or from persons who have worked in O'Malley's office.

{¶ 4} Even so, I conclude that Judge Celebrezze and the other judges in Cuyahoga County should be disqualified from participation in this case. Though none of Judge Celebrezze's words or actions suggest that he is biased or prejudiced, this is a case in which his removal is necessary "to avoid even an appearance of bias, prejudice, or impropriety, and to ensure the parties, their counsel, and the public the unquestioned neutrality of an impartial judge." *In re Disqualification of Floyd*, 101 Ohio St.3d 1215, 2003-Ohio-7354, 803 N.E.2d 816, ¶ 10. As this court first said more than seven decades ago, "it is of vital importance that the litigant believe that he will have a fair trial." *State ex rel. Turner v. Marshall* (1931), 123 Ohio St. 586, 587, 176 N.E. 454. The participation in this case by any Cuyahoga County judge might reasonably cause the parties and the public to question the fairness of the proceedings. To allay any concerns on that issue, I will appoint a visiting judge from outside Cuyahoga County to hear the case.

{¶ 5} For the reasons stated above, the affidavit of disqualification is granted. I will address in a separate entry the appointment of a visiting judge from outside Cuyahoga County to preside over any further proceedings in the case.