IN RE DISQUALIFICATION OF CORRIGAN.

HAGAN v. TAFT.

[Cite as *In re Disqualification of Corrigan,*
110 Ohio St.3d 1217, 2005-Ohio-7153.]

(No. 05–AP–059—Decided July 11, 2005.)

MOYER, C.J.

{¶ 1} Attorney Maria J. Armstrong—counsel for several of the defendants in the underlying case—has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Brian J. Corrigan and all other common pleas judges in Cuyahoga County from acting on any further proceedings in case No. CV–04–537445 in the Court of Common Pleas of Cuyahoga County.

{¶ 2} Armstrong avers that plaintiff Timothy Hagan is currently serving as the president of the Cuyahoga County Board of County Commissioners and that in that capacity he has authority over fiscal and other matters that affect Judge Corrigan and his colleagues. In addition, Armstrong states that plaintiff Hagan is a former chairman of a county political party and a former county recorder who has significant personal and political connections to many local judges. Three of the county's judges have recused themselves from the case, and the affiant argues that the remaining judges should now be disqualified to avoid any appearance of impropriety.

{¶ 3} Judge Corrigan has responded to the affidavit, and he states that he does not intend to step aside unless recusal becomes necessary as he learns more about the case. Presiding Judge Richard J. McMonagle has responded as well,

and he states that any of the judges in Cuyahoga County could preside fairly and impartially over the case.

{¶ 4} Counsel for the plaintiffs, Kenneth F. Seminatore, has responded to the affidavit also. He notes that the plaintiffs' complaint was filed in August 2004 and yet the defendants never objected to the participation of Cuyahoga County jurists until May 2005.

{¶ 5} I conclude that Judge Corrigan and the other judges in Cuyahoga County should be disqualified. In 2004, I likewise disqualified all of the judges in Cuyahoga County from serving on a case in which a county officeholder was a party, and I noted the importance of avoiding " 'even an appearance of bias, prejudice, or impropriety' " and the need to " 'ensure the parties, their counsel, and the public the unquestioned neutrality of an impartial judge.' " *In re Disqualification of Celebrezze*, 105 Ohio St.3d 1241, 2004-Ohio-7360, 826 N.E.2d 301, ¶ 4, quoting *In re Disqualification of Floyd*, 101 Ohio St.3d 1215, 2003-Ohio-7354, 803 N.E.2d 816, ¶ 10.

{¶ 6} Those same concerns underlie my decision in this case. No one has suggested that Judge Corrigan has said or done anything reflecting bias or prejudice for or against any of the parties to the case. Nonetheless, plaintiff Hagan is a county commissioner who necessarily exercises considerable authority over the budget of the common pleas court in Cuyahoga County. The public could reasonably question whether any judge now serving on the court of common pleas in Cuyahoga County would be able to render a decision based solely on the relevant facts and the law applicable to those facts.

{¶ 7} To be sure, "[j]udges are elected to preside fairly and impartially over a variety of legal disputes, including those involving public officials." *In re Disqualification of Villanueva* (1995), 74 Ohio St.3d 1277, 1278, 657 N.E.2d 1372 (denying an affidavit of disqualification in a case involving members of a county board of elections). Even so, this case involves a county commissioner, and commissioners wield considerable influence over the funding of local courts. Any appearance or perception of bias in the administration of justice and the courts can be nearly as harmful as actual bias. It is significant as well that three of Judge Corrigan's colleagues have already recused themselves from the case.

{¶ 8} "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis*, 105 Ohio St.3d 1239, 2004-Ohio-7359, 826 N.E.2d 299, ¶ 8, citing Canon 3(E)(1) of the Code of Judicial Conduct.

{¶ 9} I believe that plaintiff Hagan's leadership role in local politics and his position as a county commissioner could reasonably cause an objective and

disinterested observer to question any action that a Cuyahoga County judge might take in this case. A judge from outside the county will be able to act without generating a similar appearance of impropriety in the mind of a reasonable and objective observer. I reached a similar conclusion in *In re Disqualification of Nadel* (1989), 47 Ohio St.3d 604, 546 N.E.2d 926. In that case, despite the absence of any evidence suggesting that the judge could not preside fairly and impartially over a criminal case in which another local judge's wife and daughter were the victims, I ordered the disqualification of all judges in the county common pleas court because the "relationships within the judicial system of Hamilton County * * * could suggest to a reasonable person the appearance of prejudice or impropriety" if the case were decided by a judge from that court. Id. at 605, 546 N.E.2d 926.

{¶ 10} Certainly the defendants in this case could—and therefore should—have filed their request for disqualification sooner, given that they ask for the appointment of a judge from outside Cuyahoga County. Still, none of the judges who have presided over this case since it was filed in August 2004 appears to have issued any substantive rulings, and this is therefore not a case in which an affidavit of disqualification is being used "to disqualify a judge after lengthy proceedings have taken place in the case." *In re Disqualification of Belskis* (1993), 74 Ohio St.3d 1252, 657 N.E.2d 1355. Judge Corrigan himself was not assigned to the case until May 4, 2005, and by his own admission has not yet met with the attorneys for the parties. Any tardiness in the filing of the affidavit is outweighed by my concern that any appearance of impropriety be eliminated.

{¶ 11} The law requires not only an impartial judge but also one who appears to the parties and the public to be impartial. To allay any concerns on that issue, I will appoint a retired judge from outside Cuyahoga County to hear any further proceedings in the trial court.

{¶ 12} For the reasons stated above, the affidavit of disqualification is granted. I will address in a separate entry the appointment of a judge from outside Cuyahoga County.