IN RE DISQUALIFICATION OF SAFFOLD.

THE STATE OF OHIO *v.* AHMED.

[Cite as *In re Disqualification of Saffold,* 117 Ohio St.3d 1239, 2006-Ohio-7225.]

(No. 06-AP-035—Decided April 25, 2006.)

MOYER, C.J.

{¶ 1} Attorney Jay Milano—counsel for the defendant—has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the disqualification of

Judge Shirley Strickland Saffold from acting on any further proceedings in case No. CR 03–437437 in the Court of Common Pleas of Cuyahoga County.

{¶ 2} Milano alleges that Judge Saffold cannot preside fairly and impartially in this criminal case because she is running for reelection and has named the Cuyahoga County Prosecuting Attorney as her honorary campaign chairman. The judge intends, according to the affidavit, to show that she is tough on criminals by engaging the support of the prosecuting attorney and by scheduling the sentencing in this case just a few days before the 2006 primary election. Milano also states that the initial lengthy prison term imposed on the defendant by Judge Saffold was reversed by the court of appeals. The case is now back before the judge for a new sentencing hearing, and Milano questions his client's ability to receive a fair hearing before a judge who earlier imposed such a lengthy sentence.

{¶ 3} Judge Saffold has responded in writing to the affidavit. She contends that counsel for both parties agreed to the date of the upcoming sentencing hearing, and she notes that the hearing has twice been rescheduled at the defendant's request. The judge acknowledges that the prosecuting attorney served as her honorary cochairman for one reelection fundraiser, but she denies attorney Milano's claim that she cannot serve fairly and impartially at the sentencing hearing.

{¶ 4} I find no basis for ordering the disqualification of Judge Saffold. Ordinarily, "the mere fact that an attorney served as chairman or a member of a judge's campaign committee does not, without more, mandate the judge's disqualification from cases in which that attorney appears as counsel of record." *In re Disqualification of Maloney* (2000), 91 Ohio St.3d 1204, 741 N.E.2d 133; Flamm, Judicial Disqualification (1996) 191–192, Section 6.4.3. I conclude that no compelling evidence points toward a different outcome in this case.

{¶ 5} To be sure, when a judge's campaign is still active, any political relationship between the judge and a lawyer who is appearing before the judge certainly deserves close scrutiny. The judge's disqualification is warranted only if that political relationship is a substantial one, however, for attorneys are generally encouraged to support candidates for judicial office, and they often do so.

{¶ 6} In this case, Judge Saffold states that Prosecuting Attorney William Mason served as an honorary cochairman for one of the judge's fundraisers. Absent any evidence that the prosecuting attorney is playing a more active role in running the judge's campaign, I conclude that the facts as alleged would not cause a "reasonable and objective observer" to "harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis*, 105 Ohio St.3d 1239, 2004-Ohio-7359, 826 N.E.2d 299, ¶ 8. I reach that conclusion in light of all of the

circumstances presented in the record before me, including the fact that an assistant prosecuting attorney rather than the prosecuting attorney himself is evidently appearing before Judge Saffold in this case, and the prosecuting attorney's designation as an "honorary" cochairman for the one fundraiser suggests that he is not running the campaign or playing an active role in its day-to-day operation. Absent evidence that the prosecuting attorney is actively conducting ongoing fundraising activities for the judge or that he has established a continuing political affiliation with her through joint projects lasting a considerable period of time, I cannot conclude that the honorary role he has played in connection with one fundraiser compels the judge's disqualification now.

{¶ 7} Certainly, judges should strive to avoid affiliations that might give litigants or the public reason to question whether the judge is partial to a party or attorney who has politically supported the judge's campaign. Generally, however, the mere fact that a party or attorney has issued a statement of support for a judge or has allowed the judge to list the attorney on a statement of support is insufficient to warrant judicial disqualification.

{¶ 8} The remaining allegations in the affidavit—concerning the date of the upcoming sentencing hearing and the fact that the case is before Judge Saffold on remand—are not sufficient grounds to compel the judge's disqualification. On the first point, the judge has explained that she acceded to the defendant's request that the sentencing hearing be delayed until this court decided *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. That case was decided on February 27, 2006, and Judge Saffold then issued an order in mid-April scheduling the sentencing hearing for April 27, 2006. That latter date was chosen with the parties' consent, according to the judge, and I cannot infer from its selection that the judge is biased for or against either party.

{¶ 9} Finally, I have explained that "a judge may preside over the retrial of a case even if that judge's rulings of law were reversed on appeal." *In re Disqualification of Kimmel* (1987), 36 Ohio St.3d 602, 522 N.E.2d 456. In addition, state and federal courts have been virtually unanimous in holding that—absent a showing of actual bias—a judge who presided over prior proceedings involving one or more parties presently before the court is not thereby disqualified from presiding over later proceedings involving the same parties. See, e.g., *State v. D'Ambrosio* (1993), 67 Ohio St.3d 185, 188, 616 N.E.2d 909 ("A judge need not recuse himself simply because he acquired knowledge of the facts during a prior proceeding"); *United Union of Roofers, Waterproofers & Allied Workers, Union No. 33 v. Meese* (C.A.1, 1987), 823 F.2d 652, 659 ("It is well established * * * that participation in prior proceedings involving the same or similar facts or parties does not in itself constitute grounds for disqualification").

{¶ 10} In this case, the judge must simply resentence the defendant in light of this court's decision in *State v. Foster*. Defendants in hundreds of other cases face a similar prospect, and there is no evidence before me suggesting that Judge Saffold in particular is unable to perform her duties at the new sentencing hearing in a fair and unbiased way.

{¶ 11} As I have said, "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 12} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Saffold.