IN RE DISQUALIFICATION OF KOCH.

THE STATE OF OHIO *v.* MAIDEN ET AL.

[Cite as *In re Disqualification of Koch,* 113 Ohio St.3d 1220, 2006-Ohio-7228.]

(No. 06–AP–069—Decided August 2, 2006.)

---

MOYER, C.J.

{¶ 1} Special Prosecutor Kevin Baxter, as well as one of his assistant prosecuting attorneys and an investigator employed by the Cuyahoga County Prosecuting Attorney's office, have filed affidavits with the Clerk of this court under R.C.

2701.03 seeking the disqualification of Judge Judith Kilbane Koch and all other judges in Cuyahoga County to prevent them from acting on any further proceedings in case Nos. CR–06–483027–A, CR–06–483027–B, and CR–06–483027–C in the Court of Common Pleas of Cuyahoga County.

{¶ 2} According to Baxter and the other affiants, the defendants—who are or were employees of the Cuyahoga County Board of Elections—face criminal charges for alleged election-law violations. The affiants contend that Cuyahoga County Prosecuting Attorney William Mason and several assistant prosecuting attorneys from his office may be called as witnesses at the defendants' upcoming trials, and they allege that other witnesses who are active in Cuyahoga County politics may be called to testify as well. "This is a case that has shaken * * * public confidence in the electoral process," according to Baxter and one of his assistants.

{¶ 3} Judge Koch has advised me that she has recused herself from further proceedings in the cases. The affidavits are therefore moot with respect to her.

{¶ 4} As for the affiants' request that all other judges in Cuyahoga County be disqualified from hearing the cases, the affidavits do not provide convincing proof that disqualification is justified. I have disqualified all of the judges in Cuyahoga County from serving on another case in which a county officeholder was a *party*. See *In re Disqualification of Celebrezze*, 105 Ohio St.3d 1241, 2004-Ohio-7360, 826 N.E.2d 301, ¶ 4. In the criminal cases now in question, however, the county prosecuting attorney and various political figures in the county may be called as witnesses, but they are not parties to the cases.

{¶ 5} Disqualification of an entire county bench is appropriate in some cases in which all of the judges might reasonably be thought to enjoy a close relationship or hold particularly strong emotional ties to a witness. See, e.g., *In re Disqualification of Nadel* (1989), 47 Ohio St.3d 604, 546 N.E.2d 926 (disqualification of all Hamilton County judges ordered in a criminal case in which a local judge's wife and daughter were the victims of an alleged robbery and kidnapping). The affidavits in this case, however, do not provide compelling evidence of such factors, and judges are accustomed to hearing in-court statements from the prosecuting attorney and his staff in criminal cases. Although the statements in these cases may be in the form of testimony rather than advocacy, I cannot conclude based on the record before me that all of the judges in the county will necessarily be unable to preside fairly and impartially. As I have said, "[j]udges are elected to preside fairly and impartially over a variety of legal disputes, including those involving public officials." *In re Disqualification of Villanueva* (1995), 74 Ohio St.3d 1277, 1278, 657 N.E.2d 1372 (denying an affidavit of disqualification in a case involving members of a county board of elections).

{¶ 6} "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis,* 105 Ohio St.3d 1239, 2004-Ohio-7359, 826 N.E.2d 299, ¶ 8 (citing Canon 3(E)(1) of the Ohio Code of Judicial Conduct). The allegation that certain witnesses at the upcoming trials may be well-known public or political figures does not convince me that a reasonable observer would necessarily question the ability of all judges in the county to rule impartially.

{¶ 7} For the reasons stated above, I acknowledge the recusal of Judge Koch but deny the affidavits of disqualification as to the other judges in the county. The cases are returned to the administrative judge of the court of common pleas for reassignment.