IN RE DISQUALIFICATION OF LUCCI.

THE STATE OF OHIO *v.* HOLIN.

[Cite as *In re Disqualification of Lucci,* 117 Ohio St.3d 1242, 2006-Ohio-7230.]

(No. 06–AP–077—Decided August 10, 2006.)

MOYER, C.J.

{¶ 1} Attorney Terry Gilbert—counsel for the defendant—has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Eugene A. Lucci from acting on any further proceedings in case No. 06CR000402 in the Court of Common Pleas of Lake County.

{¶ 2} Gilbert explains that the defendant has been charged with several serious felony offenses involving an alleged murder plot. Among the alleged targets of the plot were a judge on the Painesville Municipal Court, that city's prosecutor, and the mayor and police chief in the village of North Perry. According to Gilbert, Judge Lucci and all other judges in Lake County should be disqualified from presiding over the defendant's case because a fellow judge and other well-known public figures in the county were allegedly among the defendant's intended victims.

{¶ 3} In addition, Gilbert notes that Judge Lucci, while in private practice, filed a civil suit on behalf of a client against defendant Holin ten years ago. That prior contact between the judge and the defendant likewise supports disqualification, Gilbert contends.

{¶ 4} Judge Lucci has responded in writing to the concerns raised by the affidavit. He states that he can preside fairly and impartially over the defendant's case. In response to the defendant's earlier request to voluntarily recuse himself, Judge Lucci nótes that no sitting judge in the county is a party to the proceedings. He also notes that none of the intended victims of the alleged crimes serves on the common pleas court, and he contends that he routinely presides over cases involving public officials in the county.

{¶ 5} I find no basis for ordering the disqualification of Judge Lucci. "Generally, the more intimate the relationship between a judge and a person who is involved in a pending proceeding, the more acute is the concern that the judge may be tempted to depart from the expected judicial detachment or to reasonably appear to have done so." *In re Disqualification of Shuff*, 117 Ohio St.3d 1230, 2004-Ohio-7355, 884 N.E.2d 1084, ¶ 6; Flamm, Judicial Disqualification (1996) 225, Section 8.2. Nothing in the affidavit or in the judge's response suggests that his relationship with any of the intended victims of the alleged crimes is so close that a reasonable observer might question the judge's ability to rule fairly and impartially, and certainly the judge has unequivocally expressed his willingness and ability to address any issues in the case without bias or prejudice.

{¶ 6} As the judge notes, no public official in the county is a party to this criminal case. I have, in appropriate cases, disqualified all of the judges in a county from serving on a case in which a county officeholder was a *party*. See, e.g., *In re Disqualification of Corrigan*, 110 Ohio St.3d 1217, 2005-Ohio-7153, 850 N.E.2d 720, ¶ 2, 7 (the plaintiff was a county commissioner who had "significant personal and political connections to many local judges" and "wield[s] considerable influence over the funding of local courts"); *In re Disqualification of Celebrezze*, 105 Ohio St.3d 1241, 2004-Ohio-7360, 826 N.E.2d 301, ¶ 4 (the defendant in a domestic-relations case was a county officeholder who was alleged to hold strong personal and professional ties to many judges in the county). In the

criminal case now in question, although various public figures in the county may be called as witnesses, they are not parties to the case.

{¶ 7} Disqualification of an entire county bench is appropriate in some cases in which all of the judges might reasonably be thought to enjoy a close relationship with or hold particularly strong emotional ties to a witness. See, e.g., *In re Disqualification of Nadel* (1989), 47 Ohio St.3d 604, 546 N.E.2d 926 (disqualification of all Hamilton County judges ordered in a criminal case in which a local judge's wife and daughter were the victims of an alleged robbery and kidnapping). The affidavit in this case, however, does not provide compelling evidence that the professional relationship between Judge Lucci and the alleged victims is particularly close. Significant as well is the fact that the alleged victims were evidently not harmed by the defendant's alleged crimes, and indeed Judge Lucci questions in his response to the recusal request whether any of the victims will even be called to testify. I cannot conclude based on the record before me that the judge will necessarily be unable to preside fairly and impartially. As I have said, "[j]udges are elected to preside fairly and impartially over a variety of legal disputes, including those involving public officials." *In re Disqualification of Villanueva* (1995), 74 Ohio St.3d 1277, 1278, 657 N.E.2d 1372 (denying an affidavit of disqualification in a case involving members of a county board of elections).

{¶ 8} "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, —— N.E.2d ——, ¶ 8 (citing Canon 3(E)(1) of the Ohio Code of Judicial Conduct). The allegation that certain witnesses at the upcoming trials may be well-known public figures does not convince me that a reasonable observer would necessarily question the ability of Judge Lucci to rule impartially.

{¶ 9} The additional allegation concerning a lawsuit filed against the defendant ten years ago by Judge Lucci while in private practice likewise does not compel the judge's disqualification. The mere fact that a judge, while engaged in the practice of law, was involved in unrelated litigation against a party is not generally a sufficient basis for the judge's disqualification. See, e.g., *United States v. Hurst* (C.A.6, 1991), 951 F.2d 1490, 1503; *Natl. Auto Brokers Corp. v. Gen. Motors Corp.* (C.A.2, 1978), 572 F.2d 953, 958. There is no allegation that the judge himself has ever represented the defendant, nor any allegation that the earlier civil suit was in any way connected to the pending criminal case against the defendant. Under these circumstances, no reasonable and objective observer would question the judge's impartiality.

{¶ 10} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Lucci.