IN RE DISQUALIFICATION OF RASTATTER.

THE STATE OF OHIO *v*. CUNNINGHAM.

[Cite as *In re Disqualification of Rastatter,*

127 Ohio St.3d 1215, 2009-Ohio-7205.]

*Judges — Affidavit of disqualification — Disqualification ordered.*

(No. 09-AP-028 — Decided April 16, 2009.)

ON AFFIDAVIT OF DISQUALIFICATION in Clark County Court of Common Pleas

Case No. 08-CR-0879.

_____

MOYER, C.J.

{¶ 1}   William N. Merrell and David E. Smith, co-counsel for defendant, Charles Cunningham, have filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Douglas M. Rastatter from acting on any further proceedings in case No. 08-CR-0879, a death-penalty case in the Court of Common Pleas of Clark County.

{¶ 2}   Affiants allege that Judge Rastatter has a prior personal association with the defendant that requires his disqualification.  Because this is a capital case requiring the trial court to independently weigh the evidence, affiants contend that the judge's friendship with defendant creates a specter of bias or partiality that could operate to defendant's prejudice.  Affiants further claim that the judge has gained personal knowledge pertaining to disputed facts.

{¶ 3}   Judge Rastatter has responded in writing to the concerns raised in the affidavit.  The judge has admitted to a friendship with the defendant. Nevertheless, the judge states that he is willing and able to fairly and impartially preside over this case.  According to the judge, when he was assigned to this case, his relationship with the defendant "ceased to exist."  Judge Rastatter avers that he

is fully prepared to abide by his oath and make decisions in this case based solely on the evidence, arguments of counsel, and the law.

{¶ 4} On April 13, 2009, Judge Rastatter submitted a supplemental response in which he again expresses confidence in his ability to preside fairly and impartially over the underlying case. The judge also specifically denies having personal knowledge of any disputed facts.

{¶ 5} After careful review of the affidavit and the judge's responses, I conclude that affiants have met their burden of proving that an appearance of bias or prejudice exists in this case.

{¶ 6} "Generally, the more intimate the relationship between a judge and a person who is involved in a pending proceeding, the more acute is the concern that the judge may be tempted to depart from the expected judicial detachment or to reasonably appear to have done so." *In re Disqualification of Shuff,* 117 Ohio St.3d 1230, 2004-Ohio-7355, 884 N.E.2d 1084, ¶ 6. Judge Rastatter states that he has known the defendant for four or five years and that he considers the defendant a friend. During an 18-month period from 2005 to 2007, the judge and defendant lifted weights together at the Springfield YMCA "probably on a daily basis." During this time, the judge and the defendant had many conversations and became well acquainted.

{¶ 7} While the evidence before me may not lead to a finding of actual bias or prejudice, I find that Judge Rastatter's relationship with the defendant could cause a reasonable and objective observer to harbor serious doubts about the judge's impartiality. See *In re Disqualification of Lewis,* 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8 (setting forth the proper test for disqualifying a judge). I reached a similar conclusion in *In re Disqualification of Nadel* (1989), 47 Ohio St.3d 604, 546 N.E.2d 926. In that case, the defendant was charged with aggravated robbery, felonious assault, and kidnapping, and the victims were the wife and daughter of a common pleas court judge. I ordered the

disqualification of all judges in the common pleas court because the relationships within the judicial system of that county could suggest to a reasonable person the appearance of prejudice or impropriety if the case were decided by a judge from that court. Id. at 605.

{¶ 8} "The law requires not only an impartial judge but also one who appears to the parties and the public to be impartial." *In re Disqualification of Corrigan,* 110 Ohio St.3d 1217, 2005-Ohio-7153, 850 N.E.2d 720, ¶ 11. Therefore, to allay any concerns on that issue, it is ordered that Judge Rastatter participate no further in these proceedings. The Clark County Common Pleas Court shall assign another judge of that court to the case.

_____