IN RE DISQUALIFICATION OF COSS.

THE STATE OF OHIO *v.* PATTON.

[Cite as *In re Disqualification of Coss,* **134 Ohio St.3d 1207, 2011-Ohio-7079.**]

*Judges—Affidavit of disqualification—Disqualification denied.*

(No. 11-AP-068—Decided July 14, 2011.)

ON AFFIDAVIT OF DISQUALIFICATION in Highland County Court of Common

Pleas, Case No. 11-CR-089.

_____

**O'CONNOR, C.J.**

**{¶ 1}** Susan M. Zurface Daniels, counsel for defendant, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Rocky A. Coss from acting in any further proceedings in case No. 11-CR-089, a criminal matter now pending in the Court of Common Pleas of Highland County.

**{¶ 2}** Daniels states that the defendant is charged with robbing a carry-out store at knifepoint. Daniels argues that Judge Coss should be disqualified from defendant's case because the judge has professional relationships with the owners of the store. According to Daniels, the owner of the store is Shane Wilkin, a Highland County commissioner. Daniels notes that Wilkin's sister was the clerk on duty at the time the store was robbed. Daniels contends that if Judge Coss presides over the defendant's case, it will create an appearance of bias because Commissioner Wilkin has responsibility for budget and funding matters of the common pleas court. Daniels further contends that the judge has a professional relationship with Wilkin's wife, who Daniels asserts is also an owner of the carry-out store. Specifically, Daniels claims that Wilkin's wife works as a

lawyer for the law firm that purchased Judge Coss's law office following his election to the common pleas court.

{¶ 3} Judge Coss has responded in writing to the concerns raised in the affidavit. The judge states that he is aware that Commissioner Wilkin is an owner of the store that defendant is alleged to have robbed and that Wilkin's sister is alleged to have been working at the store during the robbery. He also concedes that he knows Wilkin as a county commissioner and local businessman. Judge Coss denies, however, the existence of any bias or appearance of bias in the underlying case. The judge states that he does not conduct any personal business with Wilkin and that his primary contacts with him are as a county commissioner pertaining to matters involving the court's budget and facilities and at public events attended by public officials. The judge further asserts that political considerations are not an issue in the case because he and Wilkin are members of different political parties. Judge Coss avers that he would recuse himself from the underlying case if an actual conflict existed, but he does not believe that his removal is warranted solely because Wilkin is a county commissioner. In addition, Judge Coss states that he did sell his law office to the firm that employs Wilkin's wife, but the judge maintains that he has had no financial or other interest in the law firm since the sale. As to Wilkin's sister, the judge believes he knows her, but only from being residents in the same small community.

{¶ 4} For the following reasons, no basis has been demonstrated for ordering the disqualification of Judge Coss.

{¶ 5} First, attorney Daniels argues that Judge Coss should be disqualified because the underlying case involves a county commissioner who has responsibility for budget and funding matters of the common pleas court. She cites *In re Disqualification of Corrigan*, 110 Ohio St.3d 1217, 2005-Ohio-7153, 850 N.E.2d 720, to support her disqualification request. In that case, Chief Justice Moyer disqualified the trial judge, citing two primary reasons. First, the plaintiff

2

in the underlying case was "a county commissioner who necessarily exercises considerable authority over the budget of the common pleas court." *Id*. at ¶ 6. Second, the plaintiff was also a former chairman of a county political party and a former county recorder who had a "leadership role in local politics." *Id*. at ¶ 9.

**{¶ 6}** *Corrigan*, however, is distinguishable from this affidavit case. Although Commissioner Wilkin has considerable authority over the court's budget, unlike the county commissioner in *Corrigan*, Wilkin is not a party to the underlying case. Moreover, although Judge Coss and Wilkin consult on matters regarding the court's budget and facilities, there is no evidence of any significant personal relationship between Judge Coss and Wilkin. Likewise, the judge has no political connection to Wilkin, as the record reflects that they belong to different political parties.

**{¶ 7}** Second, similar allegations were rejected in *In re Disqualification of Lucci*, 117 Ohio St.3d 1242, 2006-Ohio-7230, 884 N.E.2d 1093. The affiant in that case sought to disqualify the trial judge because the intended victims of the alleged crimes were a local judge, the city prosecutor, and the mayor and police chief of a nearby village. Chief Justice Moyer denied the affidavit of disqualification because none of the officeholders were parties to the underlying criminal case and the affidavit failed to provide convincing evidence that the professional relationships between the trial judge and the officeholders were particularly close. *Id*. at ¶ 5-6. Significant as well was the fact that none of the officeholders were physically harmed by the defendant's alleged crimes, and there were questions as to whether any of the officeholders would be called to testify. *Id*. at ¶ 7.

**{¶ 8}** Similarly, as noted above, Wilkin is not a party to the underlying criminal case. Wilkin was a victim of the robbery as the owner of the store but, like the victims in *Lucci*, Wilkin was not physically harmed. In fact, Wilkin was not even present during the robbery. And though Wilkin is apparently on the

state's witness list, it is not clear if he will be called to testify. Even if Wilkin were called to testify, that alone would not compel Judge Coss's disqualification. *See In re Disqualification of Koch*, 113 Ohio St.3d 1220, 2006-Ohio-7228, 863 N.E.2d 624, ¶ 6 (the mere fact that certain witnesses may be well-known public or political figures does not require judge's disqualification). Finally, nothing in the affidavit or Judge Coss's response suggests that the judge's professional relationship with Wilkin is so close that a reasonable observer might question the judge's ability to rule fairly and impartially.

**{¶ 9}** Consistent with *Lucci*, I decline to disqualify a judge solely because the victim of the alleged criminal conduct is a county officeholder. "Judges are elected to preside fairly and impartially over a variety of legal disputes, including those involving public officials * * *." *In re Disqualification of Villanueva*, 74 Ohio St.3d 1277, 1278, 657 N.E.2d 1372 (1995). Although there have been circumstances where a judge's participation in a case that directly or indirectly involves an interest of another public official has been found to create an appearance of impropriety that mandates the disqualification of that judge, the record does not support such a finding in this case. *See, e.g.*, *id.* at 1279.

**{¶ 10}** As to the allegations involving Wilkin's wife and sister, "[g]enerally, the more intimate the relationship between a judge and a person who is involved in a pending proceeding, the more acute is the concern that the judge may be tempted to depart from the expected judicial detachment or to reasonably appear to have done so." *In re Disqualification of Shuff*, 117 Ohio St.3d 1230, 2004-Ohio-7355, 884 N.E.2d 1084, ¶ 6. But Daniels has offered no evidence of any significant personal or professional relationship between Judge Coss and Wilkin's wife or sister. *See In re Disqualification of Celebrezze*, 105 Ohio St.3d 1241, 2004-Ohio-7360, 826 N.E.2d 301; *In re Disqualification of Nadel*, 47 Ohio St.3d 604, 546 N.E.2d 926 (1989). On this record, no "reasonable and objective

observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8 (setting forth the proper test for disqualifying a judge).

{¶ 11} "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 12} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Coss.

_____