IN RE DISQUALIFICATION OF CORRIGALL JONES.

THE STATE EX REL. SMITH *v*. THE CITY OF AKRON.

[Cite as *In re Disqualification of Corrigall Jones,* 135 Ohio St.3d 1224,

2012-Ohio-6308.]

*Judges—Affidavit of disqualification—Judicial discretion in procedural rulings—*
*Allegations of personal or political bias not substantiated—Affidavit*
*denied.*

(No. 12-AP-123—Decided October 18, 2012.)

ON AFFIDAVIT OF DISQUALIFICATION in Summit County Court of Common Pleas

Case No. CV 2009-04-3107.

_____

**O'CONNOR, C.J.**

**{¶ 1}** Scott Perlmuter, counsel for relator in the underlying case, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Amy Corrigall Jones from presiding over any further proceedings in case No. CV 2009-04-3107, a public-records action now pending for trial in the Court of Common Pleas of Summit County. Relator, Robert G. Smith, has also filed an affidavit, and Perlmuter has filed a supplemental affidavit.

**{¶ 2}** Perlmuter alleges that Judge Corrigall Jones is partial to respondent, the city of Akron. Specifically, Perlmuter claims that on October 15, 2012, Judge Corrigall Jones excluded three of relator's witnesses from testifying at trial because the witnesses were not timely disclosed, although the judge did not exclude any of the city's witnesses, despite the fact that the city had not filed a witness list. Judge Corrigall Jones's decision also lacked impartiality, according to Perlmuter, because she had previously referred to one of the excluded witnesses as a "potential witness"; therefore, Perlmuter asserts that the judge was

aware that that person would be called to testify as a witness well in advance of trial. Perlmuter also claims that Judge Corrigall Jones has engaged in a "pattern" of "favorable treatment" toward the city and that the underlying case is "extremely political" and should be heard by a judge from outside Summit County who does not have "close ties" with the city or its mayor.

{¶ 3} Judge Corrigall Jones has responded in writing to the concerns raised in the affidavits, offering a detailed account of her handling of the underlying litigation and her October 15 decision relating to the exclusion of trial witnesses. Judge Corrigall Jones also denies any association with the city or its mayor. Steven D. Bell, counsel for the city, has also filed an affidavit, which attempts to correct what he claims are misleading and inaccurate statements in Perlmuter's affidavits.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Corrigall Jones.

{¶ 5} First, an affidavit of disqualification addresses the narrow issue of possible bias or prejudice of a judge; "[i]t is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. A party's disagreement or dissatisfaction with a court's legal rulings, even if those rulings may be erroneous, is not grounds for disqualification. *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. Thus, Perlmuter's disagreement with Judge Corrigall Jones's decision to exclude three of relator's witnesses is not evidence of bias or prejudice. Trial judges are entitled to exercise discretion in ruling on many matters, and it is not the chief justice's role in deciding an affidavit of disqualification to second-guess each ruling. The remedy for these and other legal claims, if any, lies on appeal, not through the filing of an affidavit of disqualification. *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

**{¶ 6}** Second, Perlmuter has failed to establish any "pattern" of "unfavorable treatment" toward relator. In affidavit-of-disqualification proceedings, the burden falls on the affiant to submit sufficient evidence demonstrating that disqualification is warranted. *See* R.C. 2701.03(B)(1). As evidence of a pattern, Perlmuter points to an October 24, 2011 order granting the city's motion for an extension of time to produce expert reports, which was issued before relator had the opportunity to respond to the motion. Judge Corrigall Jones, however, was not assigned to the underlying case at the time of the October 2011 order; therefore, that order cannot be used to demonstrate bias or prejudice on her part. In addition, Perlmuter claims that Judge Corrigall Jones has "repeatedly" reset the trial date in the underlying case without consulting either party. In response, Judge Corrigall Jones states that she rescheduled the trial based on the availability in her schedule and that neither party objected to the new trial dates. Regardless, a judge's scheduling of a trial is within her sound discretion and is not, by itself, evidence of bias or prejudice. *See, e.g., In re Disqualification of Sutula*, 105 Ohio St.3d 1237, 2004-Ohio-7351, 826 N.E.2d 297, ¶ 4 ("Trial judges are entitled to exercise considerable discretion in the management of the cases on their dockets * * *"). Thus, Perlmuter has failed to establish one incident of biased or prejudicial conduct, let alone a pattern. Vague or unsubstantiated allegations, such as those alleged here, are insufficient to establish bias or prejudice. *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988).

**{¶ 7}** Third, the record does not suggest that Judge Corrigall Jones, or any other judge of the Summit County Common Pleas Court, should be disqualified from the underlying case because of its "extremely political" nature. As an initial matter, Perlmuter has waived the right to object to Judge Corrigall Jones based on the alleged political nature of the lawsuit. An affidavit of disqualification must be filed as "soon as possible after the incident giving rise to

the claim of bias and prejudice occurred," and failure to do so may result in waiver of the objection, especially when "the facts underlying the objection have been known to the party for some time." *In re Disqualification of O'Grady*, 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). This case has been pending since 2009, yet Perlmuter filed his affidavit only seven days before the scheduled trial. Under these circumstances, Perlmuter has waived his right to object to Judge Corrigall Jones based on the "political" nature of the litigation.

{¶ 8} Even if Perlmuter had not waived this claim, the record does not suggest that Judge Corrigall Jones cannot fairly and impartially hear this case, despite its political nature or involvement of the city's mayor. In previous affidavit-of-disqualification proceedings, the chief justice has disqualified an entire bench of judges when the existence of a personal or professional relationship between the judges and one of the parties to the underlying case could suggest to the reasonable person the appearance of prejudice or impropriety. *E.g.*, *In re Disqualification of Corrigan*, 110 Ohio St.3d 1217, 2005-Ohio-7153, 850 N.E.2d 720, ¶ 2, 6, 7 (plaintiff was a county commissioner who had "significant personal and political connections to many local judges," who "necessarily exercise[d] considerable authority over the budget of the common pleas court," and who "wield[ed] considerable influence over the funding of local courts").

{¶ 9} Nothing in Perlmuter's filings, however, suggests that Judge Corrigall Jones or any other Summit County Common Pleas Court judge has a relationship with the city or its mayor that is so close that a reasonable observer might question the judge's abilities to rule fairly and impartially. Unlike in *Corrigan*, the underlying case here does not involve a county officeholder or a public official who has authority over the funding of the common pleas courts. The underlying case involves a city's response to a public-records request, and neither the city nor the mayor has any supervisory or funding authority over the

4

common pleas court. Further, despite Perlmuter's claims of "close ties," Judge Corrigall Jones states that she "is not in any manner associated with" the city or its mayor. As the chief justice has stated many times in denying similar affidavits, "[j]udges are elected to preside fairly and impartially over a variety of legal disputes, including those involving public officials." *In re Disqualification of Villanueva*, 74 Ohio St.3d 1277, 1278, 657 N.E.2d 1372 (1995) (denying affidavit in a case involving a county board of elections member); *see also In re Disqualification of Warren*, 113 Ohio St.3d 1239, 2007-Ohio-1388, 863 N.E.2d 638, ¶ 6 (denying affidavit in case involving the county clerk of courts); *In re Disqualification of Lucci*, 117 Ohio St.3d 1242, 2006-Ohio-7230, 884 N.E.2d 1093, ¶ 6-8 (denying affidavit in a case where victims included municipal court judge, city prosecutor, city mayor, and police chief).

{¶ 10} In conclusion, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 11} For the reasons stated above, the affidavits of disqualification are denied. The case may proceed before Judge Corrigall Jones.

_____