IN RE DISQUALIFICATION OF EYSTER.

WILTZ *v.* OHIO CIVIL RIGHTS COMMISSION.

[Cite as *In re Disqualification of Eyster,* ___ Ohio St.3d ___, 2015-Ohio-4647.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Affiant failed to identify demonstrate bias or conflict of interest—Dissatisfaction with a ruling is not grounds for disqualification—Disqualification denied.*

(No. 15-AP-060—Decided July 13, 2015.)

ON AFFIDAVIT OF DISQUALIFICATION in Knox County Court of Common Pleas Case No. 15AP03-0092.

_____

O'CONNOR, C.J.

{¶ 1} Appellant Cassandra Wiltz has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Otho Eyster and all other judges in Knox and Licking counties from presiding over any further proceedings in the above-captioned administrative appeal from a decision of the Ohio Civil Rights Commission.

{¶ 2} Wiltz raises two bias claims in her affidavit. First, she argues that an appearance of bias exists because of "significant relationships" between the common pleas courts of Knox and Licking counties and her former employer, Behavioral Healthcare Partners of Central Ohio. According to Wiltz, she filed a complaint with the commission alleging that Behavioral Healthcare Partners had unlawfully retaliated against her. The commission determined that there was no probable cause to issue a complaint, and Wiltz appealed that decision to the Knox County Court of Common Pleas. Wiltz states that Behavioral Healthcare Partners provides various mental-health services to the courts, and therefore an appearance of bias exists because Judge Eyster "is being asked to make a decision about * * *

the guilt or innocence of an organization that the Court relies upon to perform its own duties."

**{¶ 3}** Judge Eyster has responded in writing to the affidavit, denying any bias or prejudice against Wiltz. The judge acknowledges that Behavioral Healthcare Partners provides mental-health services to parties in his court. However, the judge also explains that Behavioral Healthcare Partners is not a party to the underlying administrative appeal, and the judge's role in this case is not to determine the guilt or innocence of Wiltz's former employer but to decide whether the commission had sufficient evidence to support its decision not to move forward with Wiltz's civil-rights complaint. Based on this record, no reasonable or objective observer would harbor serious doubts about Judge Eyster's impartiality. *See In re Disqualification of Lucci*, 117 Ohio St.3d 1242, 2006-Ohio-7230, 884 N.E.2d 1093, ¶ 8 (setting forth the test for determining whether a judge's participation in a case presents an appearance of impropriety).

**{¶ 4}** Second, Wiltz claims that Judge Eyster has demonstrated actual bias against her by (1) granting the commission's motion to dismiss Behavioral Healthcare Partners as a party without affording Wiltz the opportunity to oppose the motion and (2) setting a briefing schedule that allegedly violates her due-process rights and local court rules. In response, Judge Eyster states that Wiltz's administrative appeal challenges only the commission's decision and therefore Behavioral Healthcare Partners is not a necessary party. No response from Wiltz, according to Judge Eyster, would have altered his decision. The judge further states that his briefing schedule will provide him with the necessary information to decide the matter.

**{¶ 5}** Contrary to Wiltz's arguments, it is well settled that a party's dissatisfaction with a judge's substantive or procedural rulings is not evidence of bias or prejudice and therefore is not grounds for disqualification. *See In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d

2

818, ¶ 4. The remedy for Wiltz's legal claims, if any, lies on appeal, not through an affidavit of disqualification.

{¶ 6} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Eyster.

———————————