IN RE DISQUALIFICATION OF BURT.

JONES v. GEAUGA COUNTY REPUBLICAN PARTY CENTRAL COMMITTEE.

[Cite as *In re Disqualification of Burt*, 145
Ohio St.3d 1239, 2015-Ohio-5670.]

1240

O'CONNOR, C.J.

{¶ 1} Plaintiff Diane Jones and her counsel, Mark S. O'Brien, have filed affidavits with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Forrest W. Burt from presiding over any further proceedings in the above-captioned case.

{¶ 2} O'Brien avers that an appearance of bias exists because of Judge Burt's "significant personal, political, professional, and financial" connections to defendants, the Geauga County Republican Party Central Committee and its chairperson, and to individual members of the central committee, which includes many local public officials. Jones avers that Judge Burt has a personal bias against her because, among other reasons, she operates a website about local governmental issues. Jones also claims that Judge Burt ridiculed her at a pretrial hearing in an unrelated case.

{¶ 3} Judge Burt has responded in writing to the affidavits, affirming that his oath of office requires him to administer justice without regard to the individual parties in the case. Judge Burt acknowledges that he is a member of the county Republican Party and has previously participated in local political-party events and causes. The judge also states that although he has attended some central-committee meetings, he has never been a member of the committee, and he explains that during his 20 years as a judge, he has impartially presided over many cases involving local public officials. As to Jones's allegations, Judge Burt responds that he was unaware that she operated a website and, regardless, he holds no bias against her because of the website. The judge also submitted a copy of the hearing transcript in Jones's unrelated case to show that he did not ridicule her during the pretrial hearing.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Burt.

{¶ 5} As an initial matter, Jones's vague and unsupported allegation that Judge Burt is personally biased against her is not grounds for disqualification. "Allegations that are based solely on hearsay, innuendo, and speculation—such as those alleged here—are insufficient to establish bias or prejudice." *In re Disqualification of Flanagan*, 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4.

{¶ 6} O'Brien's affidavit, however, requires more analysis. Affidavits of disqualification involving political and campaign issues are decided on a case-by-case basis. *In re Disqualification of Ney*, 74 Ohio St.3d 1271, 1272, 657 N.E.2d 1367

(1995). Given that judges are elected in Ohio, it is well established that judges generally are not disqualified "merely because a party to or lawyer in the underlying case campaigned for or against the judge." *In re Disqualification of Celebrezze,* 74 Ohio St.3d 1231, 1232, 657 N.E.2d 1341 (1991). Judges are presumed to be "able to set aside any partisan interests once they have assumed judicial office and have taken an oath to decide cases on the facts and the law before them." *In re Disqualification of Bryant,* 117 Ohio St.3d 1251, 2006-Ohio-7227, 885 N.E.2d 246, ¶ 3. Nonetheless, as O'Brien noted in his affidavit, there are political circumstances in which a judge should be disqualified to avoid an appearance of impropriety. *See, e.g., In re Disqualification of Corrigan,* 110 Ohio St.3d 1217, 2005-Ohio-7153, 850 N.E.2d 720 (county trial judges disqualified from a case involving a county commissioner who wielded considerable influence over the court's funding and who played a leadership role in local politics); *see also In re Disqualification of Saffold,* 117 Ohio St.3d 1239, 2006-Ohio-7225, 884 N.E.2d 1091, ¶ 5 ("when a judge's campaign is still active, any political relationship between the judge and a lawyer who is appearing before the judge certainly deserves close scrutiny").

{¶ 7} O'Brien has not established that there are significant political ties between Judge Burt and defendants or any similar disqualifying circumstances. There is no indication that Judge Burt has an active campaign, and Judge Burt has indicated that after four terms in office, he will not be seeking reelection. Indeed, O'Brien alleges that the judge's most recent political activity was in 2012—three years ago—when the judge's campaign committee made payments to the county Republican Party for campaign literature. That contribution alone, however, is insufficient to overcome the presumption of the judge's impartiality. Similarly, the fact that some of the individual members of the central committee are elected officials in Geauga County does not require disqualification. "Judges are elected to preside fairly and impartially over a variety of legal disputes, including those involving public officials * * *." *In re Disqualification of Villanueva,* 74 Ohio St.3d 1277, 1278, 657 N.E.2d 1372 (1995). Finally, affiants' complaint in the underlying case appears to involve the legal application of Ohio's Open Meetings Act, R.C. 121.22, to certain central committee meetings and actions—regardless of the political party at issue.

{¶ 8} "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis,* 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. Given applicable precedent regarding judicial disqualification and campaign issues, given Judge Burt's assurances of his impartiality, given the lack of sufficient evidence indicating that Judge Burt has substantial political ties to defendants, and given the

legal nature of the question before the trial court, a reasonable and objective observer would not question Judge Burt's ability to preside fairly and impartially over this case.

{¶ 9} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Burt.