IN RE DISQUALIFICATION OF INDERLIED.

COMINSKY v. MALNER.

[Cite as *In re Disqualification of Inderlied,*
145 Ohio St.3d 1232, 2015-Ohio-5676.]

(No. 15–AP–102—Decided December 28, 2015.)

O'CONNOR, C.J.

{¶ 1} Plaintiff James Cominsky has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge H.F. Inderlied Jr., a retired judge sitting by assignment, from presiding over any further proceedings in the above-captioned case.

{¶ 2} Cominsky claims that an appearance of impropriety exists if Judge Inderlied hears the underlying case because he voluntarily recused himself from a 2007 foreclosure action involving the same parties and from which the present matter allegedly stems.

{¶ 3} Judge Inderlied has responded in writing to the affidavit, denying any bias against Cominsky. The judge acknowledges that he recused himself from a previous case involving Cominsky, but stated that he did so based only on Cominsky's "unfounded" claim of an appearance of impropriety. The judge has no knowledge of whether the underlying matter stems from the previous case, and he notes that the present case includes a jury demand.

{¶ 4} The facts here do not warrant judicial disqualification. " 'The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality.' " *In re Disqualification of Lucci,* 117 Ohio St.3d 1242, 2006-Ohio-7230, 884 N.E.2d 1093, ¶ 8, quoting *In re Disqualification of Lewis,* 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. The burden falls on the affiant to submit sufficient evidence and argument demonstrating that disqualification is warranted. *See* R.C. 2701.03(B)(1). Additionally, in a disqualification request, a "presumption of impartiality" is "accorded all judges." *In re Disqualification of Celebrezze,* 101 Ohio St.3d 1224, 2003-Ohio-7352, 803 N.E.2d 823, ¶ 7.

{¶ 5} Here, Judge Inderlied had explained why he recused himself from the previous matter, and he affirms that despite his previous recusal, he can fairly and impartially hear the present case. Although "a judge's subjective belief as to his or her own impartiality is generally not the decisive factor in deciding a disqualification request," the judge's own assessment is "entitled to some weight." *In re Disqualification of Lewis,* ¶ 11. On this record, Cominsky has not set forth sufficiently compelling evidence to overcome the judge's presumption of impartiality, and therefore no reasonable and objective observer would question Judge

Inderlied's impartiality merely because he recused himself from the foreclosure case.

{¶ 6} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Inderlied.