O'Connor, C.J.
*1338 {¶ 1} Brent A. Stubbins, counsel for the plaintiff, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Linton D. Lewis Jr., a retired judge sitting by assignment, from the above-referenced case, in which the plaintiff is challenging a city ordinance.
{¶ 2} Mr. Stubbins claims that an appearance of impropriety will exist if Judge Lewis presides over the matter due to a potential personal conflict between him and the judge. Specifically, Mr. Stubbins asserts that in early 2018, his wife, while chairing the Zanesville Design and Review Board, participated in a hearing involving property owned by the judge. Mr. Stubbins claims that during the board hearing, the judge "became very animated and angrily screamed at" Mr. Stubbins's wife and that she ultimately voted against the judge's request to *1339 change the use of his property. Mr. Stubbins believes that the interaction "raises an appearance which justifies Judge Lewis' removal" from the underlying case.
{¶ 3} Judge Lewis has responded to the affidavit and denies any bias for or against any attorney or party in the underlying case. Although he acknowledges that he attended the 2018 zoning-board hearing, the judge denies becoming animated or screaming at Mr. Stubbins's wife. The judge also clarifies that the potential buyers of his property-not the judge himself-applied for the change in use of the property.
{¶ 4} "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." In re Disqualification of Lewis , 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. On this record, no objective observer would question Judge Lewis's impartiality in the underlying case based on the judge's interaction with Mr. Stubbins's spouse over a year ago. "The statutory right to seek disqualification of a judge is an extraordinary remedy. A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." (Citation omitted.) In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.
{¶ 5} The affidavit of disqualification is denied. The case may proceed before Judge Lewis.