**[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 1219.]**

IN RE DISQUALIFICATION OF CUNNINGHAM.

LASSITER *v.* LASSITER.

**[Cite as *In re Disqualification of Cunningham*, 1999-Ohio-11.]**

*Judges—Affidavit of disqualification—Ex parte communication by judge with affiant's expert witness, a friend of the judge — Contact not objected to by the parties—Substance or merits of case not discussed—Judge's continued participation in underlying case not evidence of bias or prejudice.*

(No. 99-AP-108—Decided December 17, 1999.)

ON AFFIDAVIT OF DISQUALIFICATION in Hamilton County Court of Common Pleas, Domestic Relations Division case No. DR96003399.

————————————

**MOYER, C.J.**

{¶ 1} This affidavit of disqualification filed by plaintiff Christo Lassiter seeks the disqualification of Judge Penelope R. Cunningham from further proceedings regarding the above-captioned case.

{¶ 2} Affiant contends that Judge Cunningham should be disqualified because she has an admitted friendship with affiant's expert witness and because she engaged in an *ex parte* communication with the witness during pretrial proceedings. Affiant contends that the friendship between the judge and his expert conveys the appearance of improper influence. Having reviewed affiant's allegations, I cannot conclude that the judge's continued participation under these circumstances creates an appearance of impropriety. When the relationship was disclosed, counsel for the defendant, the party most likely to be adversely affected by the alleged friendship, did not object to Judge Cunningham's continued participation. I cannot conclude that the judge's continued participation will create a bias, prejudice, or an appearance of impropriety.

**{¶ 3}** With regard to the alleged *ex parte* communication, affiant contends that the parties were not made aware of the judge's intent to contact affiant's witness. This contention is countered by Judge Cunningham and counsel for the defendant, both of whom indicate that the matter was discussed in chambers on November 15, 1999, and that neither party objected to the contact. In any event, affiant merely alleges that Judge Cunningham "*apparently* made substantive statements concerning the case [emphasis added]." Judge Cunningham specifically avers that she did not discuss the substance or merits of the case and that the purpose of the call was to ensure that, in the future, full disclosure of their friendship should be made to parties and their counsel. The letter from affiant's witness to affiant and his attorney does not establish the existence of a substantive conversation. Under these circumstances, I cannot conclude that Judge Cunningham engaged in a substantive *ex parte* communication that mandates her disqualification from this case.

**{¶ 4}** In a supplemental affidavit filed on December 10, 1999, affiant further alleges that Judge Cunningham should be disqualified because she made "repeated requests" of affiant's counsel to provide an affidavit in support of Judge Cunningham's recollection of events that occurred in chambers on November 15. While it certainly would be inappropriate and grounds for disqualification for a judge to make repeated requests of and exert pressure on counsel to submit an affidavit that is contrary either to counsel's recollection or to the client's interests, the record before me does not support such a finding in this instance. The affidavit that affiant's counsel did submit on December 1, 1999, references only a single request for an affidavit that was made during the November 23, 1999 telephone conference with both attorneys. This statement is consistent with Judge Cunningham's affidavit, which also references only one request at the conclusion of that conference call.

**{¶ 5}** For these reasons, the affidavit of disqualification is found not well taken and denied. The case shall proceed before Judge Cunningham.

_____