[Cite as *In re Disqualification of Solovan*, 100 Ohio St.3d 1238, 2003-Ohio-5483.]

Opinion in Chambers, per Moyer, C.J.

IN RE DISQUALIFICATION OF SOLOVAN.

THE STATE OF OHIO *v*. REBECCA.

[Cite as *In re Disqualification of Solovan*, 100 Ohio St.3d 1238, 2003-Ohio-5483.]

*Judges — Affidavit of disqualification — Alleged victims of defendant's criminal acts are deputy sheriffs who provide security at the courthouse — Judge's professional relationship with members of sheriff's department does not support allegations of bias or prejudice — Friendship or personal relationship with potential witness does not mandate disqualification — Chief Justice does not have authority to rule upon the disqualification of a prosecuting attorney.*

(No. 02-AP-115 — Decided February 5, 2003.)

ON AFFIDAVIT OF DISQUALIFICATION in Belmont County Common Pleas Court case No. 02-CR-106.

_____

**MOYER, C.J.**

{¶1}    This affidavit of disqualification was filed by Donald J. Tennant Jr., counsel for defendant Tyson E. Rebecca, seeking the disqualification of Judge John M. Solovan II from further proceedings in the above-captioned case.

{¶2}    The defendant is facing criminal charges in which two of his alleged victims are deputies in the county sheriff's department. Deputy sheriffs provide security for the Belmont County courthouse and the judges and employees therein, and serve as bailiffs to the judges. Affiant alleges that this relationship creates "sufficient conflict of interest" or an appearance of

impropriety requiring the disqualification of all judges of the Belmont County Common Pleas Court, including Judge Solovan.

{¶3}    There is no suggestion that the judge has any particular relationship with the deputies, or anything more than a professional relationship with any members of the sheriff's department.  Nor does the affiant allege any actual bias or prejudice.  I do not find on the facts of this case that the professional relationship between Judge Solovan and members of the county sheriff's department requires his disqualification.

{¶4}    Even in cases where there has been a personal relationship or friendship between a judge and potential witnesses, "Absent some affirmative indication that a judge's friendship with a potential witness in a pending action will affect that judge's consideration of the case, I decline to establish a rule that mandates the judge's disqualification based on the existence of the friendship." *In re Disqualification of Bressler* (1997), 81 Ohio St.3d 1215, 688 N.E.2d 517 (judge had admitted close friendship with a police detective who would be called as a witness in the case). See, also, *In re Disqualification of Cunningham* (1999), 88 Ohio St.3d 1219, 723 N.E.2d 1105 (admitted friendship between the judge and a party's expert witness was not grounds for disqualification); and *In re Disqualification of Economus* (Sept. 8, 1987), No. 87-AP-059 (admitted friendship between the judge and an assistant prosecutor would not automatically result in the judge's disqualification from cases handled by that prosecutor).

{¶5}    The affiant also alleges that Judge Solovan's college-age daughter has, for the past two summers, worked at a county agency where she was supervised by the defendant's father.  Affiant speculates that if the daughter works at the agency next summer, she may again be supervised by the defendant's father.

{¶6}    In his response, Judge Solovan states that he has never discussed the facts of the underlying case with his daughter and that he was not aware that

the defendant's father had been her supervisor until this affidavit of disqualification was filed. Judge Solovan also states that he sees no conflict of interest or appearance of impropriety even if, as speculated, his daughter again has summer employment where she is supervised by the defendant's father. I decline to require disqualification based on this past connection between the judge's daughter and the defendant's father or on the speculation of a future connection.

**{¶7}** For the foregoing reasons, the affidavit of disqualification is found not well taken and is denied. The cause shall continue before Judge Solovan.

**{¶8}** The affidavit also included defendant's Motion for Leave to Recuse the Office of the Prosecuting Attorney of Belmont County, Ohio. Two different prosecuting attorneys, in their private law practices, represent members of the defendant's family. One represents the defendant's wife in a divorce proceeding, and another represents the defendant's cousin in a civil matter. The Chief Justice does not have the authority to rule upon the disqualification of a prosecuting attorney. The disqualification of counsel in a particular case is a matter for the trial court.

_____