IN RE DISQUALIFICATION OF SHUFF.

THE STATE OF OHIO *v.* THOMAS.

[Cite as *In re Disqualification of Shuff,* 117
Ohio St.3d 1230, 2004-Ohio-7355.]

(No. 04–AP–113—Decided December 2, 2004.)

MOYER, C.J.

{¶ 1} Attorney Jonathan G. Stotzer—on behalf of the defendant—has filed an affidavit with the Clerk of this court under R.C. 2701.03, seeking the disqualification of Judge Steve C. Shuff from acting in any further proceedings in case No. 04–CR–215 in the Court of Common Pleas of Seneca County.

{¶ 2} Affiant alleges that the judge is a cousin of defendant Thomas's co-defendant, Jacquelyn Shuff. The prosecuting attorney evidently intends to call Shuff as a witness at Thomas's upcoming trial before Judge Shuff, and that scenario would place the judge in a situation in which his fairness and impartiality might reasonably be questioned, affiant alleges.

{¶ 3} Judge Shuff has responded to the affidavit, and he states in his response that Shuff is a distant cousin with whom he has had little or no contact during the past ten years. The judge indicates that he does not know the defendant and holds no bias or prejudice against him.

{¶ 4} I find no basis for ordering the disqualification of Judge Shuff. Canon 3(E)(1)(d)(v) of the Ohio Code of Judicial Conduct would compel the judge's disqualification if "a person within the third degree of relationship" to him was "likely to be a material witness" in the case. Yet Judge Shuff states that Jacquelyn Shuff is his fourth or fifth cousin.

{¶ 5} To be sure, the judge nonetheless has an obligation to step aside if his impartiality might reasonably be questioned. He denies, however, holding any bias or prejudice as a result of his distant relationship with Shuff, and he does not

appear to have had many—if any—contacts with her in recent years. I have "decline[d] to establish a rule that mandates the judge's disqualification based on the existence of [a mere] friendship," *In re Disqualification of Bressler* (1997), 81 Ohio St.3d 1215, 1216, 688 N.E.2d 517, and the same can be said for more remote social or familial relationships like the one in this case.

{¶ 6} Generally, the more intimate the relationship between a judge and a person who is involved in a pending proceeding, the more acute is the concern that the judge may be tempted to depart from the expected judicial detachment, or to reasonably appear to have done so. Flamm, Judicial Disqualification (1996) 225, Section 8.2. Given the distant familial relationship between the judge and the potential witness, given the apparently distant social connections between them, and given the judge's assurances that he can decide the case impartially, I conclude that disqualification is not warranted in this case. As I said recently, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 7} For the reasons stated above, the affidavit of disqualification is denied. The case shall proceed before Judge Shuff.