IN RE DISQUALIFICATION OF RUSSO.

STATE OF OHIO *v*. ANTHONY.

[Cite as *In re Disqualification of Russo,*

127 Ohio St.3d 1232, 2009-Ohio-7201.]

*Judges — Affidavit of disqualification — Disqualification denied.*

(No. 09-AP-081 — Decided September 8, 2009.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Court of Common

Pleas Case No. CR-08-517379.

_____

**MOYER, C.J.**

{¶ 1}  Matthew K. Razavi, assistant prosecutor to Special Prosecutor Dean Holman, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Joseph D. Russo from acting on any further proceedings in case No. CR-08-517379, a criminal action in the Court of Common Pleas of Cuyahoga County.

{¶ 2}  The defendant is on trial for assaulting a peace officer, aggravated menacing, and resisting arrest. The defendant is also a longtime employee of the Cuyahoga County Common Pleas Court and is currently employed as the bailiff to Judge John D. Sutula.  Affiant alleges that Judge Russo's disqualification is warranted because he has worked alongside the defendant in the Cuyahoga County Justice Center.  Four of the county's judges have recused themselves from the case, and affiant argues that Judge Russo and the remaining judges should now be disqualified to avoid any appearance of impropriety.

{¶ 3}  Judge Russo has responded in writing to the concerns raised by the affidavit.  The judge states that he has no personal knowledge of the defendant except for his name, what he looks like, and where he works.  He avers that he has

never worked with defendant inside or outside of the courthouse and has had little, if any, contact with him since becoming a judge over eight years ago. Judge Russo maintains that he has given this matter serious consideration and that defendant's employment will have no bearing on the outcome of this case.

{¶ 4} For the following reasons, I find no basis for ordering the disqualification of Judge Russo. First, an affidavit of disqualification must be filed as soon as possible after an affiant becomes aware of circumstances that support disqualification, and the failure to do so may result in waiver of the objection. *In re Disqualification of Pepple* (1989), 47 Ohio St.3d 606, 607, 546 N.E.2d 1298. The Medina County prosecuting attorney was appointed special prosecutor to defendant's case in November 2008. At that point, the special prosecutor knew, or should have known, that defendant was employed by the common pleas court. Judge Russo was assigned to defendant's case in April 2009, after four other common pleas judges had recused themselves. The special prosecutor, however, waited until August 19, 2009, before filing the affidavit of disqualification. The fact that the special prosecutor waited four months before filing the affidavit indicates that he believed that Judge Russo's participation did not create an appearance of impropriety. See *In re Disqualification of Glickman,* 100 Ohio St.3d 1217, 2002-Ohio-7471, 798 N.E.2d 5.

{¶ 5} Second, "[g]enerally, the more intimate the relationship between a judge and a person who is involved in a pending proceeding, the more acute is the concern that the judge may be tempted to depart from the expected judicial detachment or to reasonably appear to have done so." *In re Disqualification of Shuff,* 117 Ohio St.3d 1230, 2004-Ohio-7355, 884 N.E.2d 1084, ¶ 6. And while disqualification is appropriate where a judge might reasonably be thought to enjoy a close relationship with or hold particularly strong emotional ties to a person involved in an action before the judge, *In re Disqualification of Nadel* (1989), 47 Ohio St.3d 604, 546 N.E.2d 926, the affidavit in this case does not provide any

evidence that Judge Russo shares any significant personal, professional, or political connections to the defendant, and certainly the judge has expressly denied the existence of any such relationship.

{¶ 6} Affiant relies on four cases in support of his disqualification claim: *In re Disqualification of Corrigan,* 110 Ohio St.3d 1217, 2005-Ohio-7153, 850 N.E.2d 720, *In re Disqualification of Nugent* (1987), 47 Ohio St.3d 601, 546 N.E.2d 927, *In re Disqualification of Morrissey* (1996), 77 Ohio St.3d 1252, 674 N.E.2d 360, and *In re Disqualification of O'Neill* (1997), 81 Ohio St.3d 1213, 688 N.E.2d 516. Although these cases are relevant to consideration of the pending affidavit, there are circumstances that distinguish them from this matter. Unlike this case, each of the above cases involved some type of significant relationship or close contact between the judge and the person involved in the pending proceeding. *Corrigan* (plaintiff was a county commissioner who had significant personal and political connections to many local judges and wielded considerable influence over the funding of the court); *Nugent* (victim's uncle was a judge on same court as presiding judge and victim's parents also likely knew or had contact with the judges on that court); *Morrissey* (judge was asked to assess the abilities of a senior, nonjudicial court employee who worked closely with the entire bench on a daily basis); and *O'Neill* (a fellow judge on the same court was to be called as a witness).

{¶ 7} In other cases, I have declined to establish a rule that mandates a judge's disqualification based on the existence of a mere friendship, *In re Disqualification of Bressler* (1997), 81 Ohio St.3d 1215, 688 N.E.2d 517, on a remote social or familial relationship, *In re Disqualification of Shuff,* 117 Ohio St.3d 1230, 2004-Ohio-7355, 884 N.E.2d 1084, or solely on the fact that a party to the case is the court's funding authority, *In re Disqualification of Watson* (1997), 81 Ohio St.3d 1207, 688 N.E.2d 512.

**{¶ 8}** Likewise, I decline to establish a rule in this case that mandates a judge's disqualification based solely on the fact that the defendant is a nonjudicial employee of the same court as the judge. Affiant has failed to demonstrate an interest in the case that would necessitate the judge's disqualification to avoid an appearance of impropriety. See *In re Disqualification of Villanueva* (1995), 74 Ohio St.3d 1277, 657 N.E.2d 1372 (denying affidavit in a case involving members of a county board of elections).

**{¶ 9}** As I have stated, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

**{¶ 10}** For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Russo.

_____