IN RE DISQUALIFICATION OF SAGE.

THE STATE OF OHIO *v.* JOHNSON.

[Cite as *In re Disqualification of Sage,* 134 Ohio St.3d 1217, 2011-Ohio-7082.]

*Affidavit of disqualification—R.C. 2701.03—Allegations of misconduct by assistant prosecutor in underlying case and judge's professional relationship with assistant prosecutor are insufficient to warrant disqualification—Judge's knowledge of allegations against prosecutor would not prejudice judge against defendant.*

(No. 11-AP-038—Decided May 10, 2011.)

ON AFFIDAVIT OF DISQUALIFICATION in Butler County Court of Common Pleas Case No. CR2010-11-1867.

_____

**O'CONNOR, C.J.**

**{¶ 1}** Defendant Tyree Johnson and his attorney, Kenneth J. Crehan, have each filed affidavits with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Michael J. Sage from further proceedings in case No. CR2010-11-1867, a criminal matter now pending in the Court of Common Pleas of Butler County.

**{¶ 2}** Defendant Johnson and attorney Crehan claim that Judge Sage cannot be impartial in the underlying case because of the judge's relationship with Jason Phillabaum, a former assistant prosecutor for Butler County who was assigned to Judge Sage's courtroom for several years. Phillabaum has been accused of prosecutorial misconduct involving the gun specifications charged in Johnson's indictment.

**{¶ 3}** Judge Sage has responded in writing to the concerns raised in the affidavit of disqualification. The judge states that he has been fair to Johnson on

every occasion and is not biased or prejudiced against him in any manner. Judge Sage maintains that he has exercised extraordinary caution and discretion by referring all matters relating to Phillabaum's alleged misconduct to a visiting judge.

Relevant Facts

{¶ 4} In December 2010, Johnson was charged with two counts of aggravated robbery and three counts of felonious assault. All five counts carried a firearm specification.

{¶ 5} In February 2011, the Butler County prosecutor alleged that assistant prosecutor Phillabaum had committed prosecutorial misconduct in Johnson's case. Specifically, Phillabaum was accused of adding the firearm specifications to Johnson's indictment without presenting those specifications to the grand jury for a vote. Phillabaum was subsequently terminated from his position as an assistant county prosecutor.

{¶ 6} On February 10, 2011, Judge Sage held a hearing on the state's motion to unseal the grand-jury proceedings in Johnson's case. Because Phillabaum was the prosecutor assigned to Judge Sage's courtroom, Judge Sage believed that he could not preside over Johnson's trial if he heard evidence of Phillabaum's alleged misconduct. The judge, citing *State v. Gillard*, 40 Ohio St.3d 226, 533 N.E.2d 272 (1988), found that hearing evidence on those claims against Phillabaum could potentially undermine his ability to sit as a fair and impartial judge in the case against Johnson. Therefore, Judge Sage referred all matters that dealt with Phillabaum's alleged misconduct to a visiting judge. Retired Judge Guy Guckenberger was appointed to hear those issues involving Phillabaum, and Judge Sage retained jurisdiction over Johnson's underlying criminal case.

{¶ 7} On March 24, 2011, Judge Guckenberger found that the grand jury did not return gun specifications against Johnson because the vote sheet did not

include any gun specification. On March 30, 2011, the state filed a superseding indictment against Johnson adding the gun specifications.

{¶ 8} On April 4, 2011, attorney Crehan filed a motion to dismiss the indictment and superseding indictment. The motion asserts that all charges should be dismissed because Johnson's right to due process was violated by Phillabaum's misconduct. On April 13, 2011, Judge Sage referred the matter to Judge Guckenberger because the motion to dismiss raised issues of prosecutorial misconduct involving Phillabaum.

{¶ 9} On April 14, 2011, Crehan filed the instant affidavits of disqualification. For the following reasons, I find no basis for ordering the disqualification of Judge Sage.

Attorney Crehan's Affidavit of Disqualification

{¶ 10} Crehan contends that Judge Sage cannot sit as an impartial trier of fact because he has reviewed too much information about Phillabaum's misconduct as it relates to Johnson's case. According to Crehan, Judge Sage has reviewed the motion to dismiss, which contains the same information the judge previously decided he could not hear because he did not want to prejudice himself as the trier of fact in Johnson's case. Crehan further alleges that Judge Sage's magistrate has briefed the judge on the issues raised in the motion to dismiss.

{¶ 11} For his part, Judge Sage denies that he has been prejudiced by the allegations of prosecutorial misconduct against Phillabaum. According to the judge, he did nothing more than "briefly" review the motion to dismiss in order to decide whether he should refer the matter to Judge Guckenberger. Judge Sage avers that he has not considered or participated in any matters regarding the allegations of misconduct against Phillabaum and has instead severed those allegations from Johnson's criminal case.

{¶ 12} At the outset, I fail to understand how Phillabaum's alleged misconduct would prejudice the judge against the defendant. Despite Judge

Sage's concerns, *State v. Gillard* is not applicable here. *Gillard* held that a trial judge who hears ex parte evidence during a pretrial hearing that a defendant has attempted to harm, coerce, or intimidate an opposing witness cannot be the same judge who conducts the trial. The court was concerned that a judge who heard inflammatory information that portrayed the defendant as "a dangerous person and a subverter of the criminal justice system" would be unable to preside over defendant's trial in a fair and impartial manner. *Gillard*, 40 Ohio St.3d at 229, 533 N.E.2d 272. But the type of evidence of prosecutorial misconduct that would be presented in this case does not raise the same concerns and would not affect the defendant's right to a fair trial in the same manner as the evidence submitted in *Gillard*.

{¶ 13} In any event, in affidavit-of-disqualification proceedings the burden falls on the affiant to submit sufficient evidence that would support the disqualification request. *See* R.C. 2701.03(B)(1) (requiring affiant to include specific allegations of bias, prejudice, or disqualifying interest and the facts to support those allegations). Attorney Crehan alleges that Judge Sage has developed a bias or prejudice against his client by having reviewed the information contained in the motion to dismiss. But Crehan fails to identify any specific information in the motion to dismiss that would have prejudiced the judge against Johnson. If there are reasons why Judge Sage cannot serve fairly and impartially in the underlying case, Crehan must explain those reasons and provide supporting evidence as R.C. 2701.03 requires. This requirement has been explained in other affidavit cases. *See, e.g.*, *In re Disqualification of Mitrovich*, 101 Ohio St.3d 1214, 2003-Ohio-7358, 803 N.E.2d 816, ¶ 4 ("An affidavit must describe with specificity and particularity those facts alleged to support the claim of bias or prejudice"); *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988) (vague or unsubstantiated allegations are insufficient to establish bias or prejudice).

**{¶ 14}** Moreover, my own review of the motion to dismiss reveals no such prejudicial information. *See In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 5 (denying affidavit of disqualification where it was "impossible to discern" from the information in the affidavit "any evidence of bias or prejudice"). Judge Sage was concerned with hearing evidence that Phillabaum engaged in prosecutorial misconduct. The motion to dismiss alleges that Phillabaum engaged in misconduct, but Judge Sage was already aware of those allegations. The motion to dismiss also refers to Judge Guckenberger's findings that the grand jury did not return gun specifications in Johnson's case. The motion to dismiss, however, contains no evidence of any misconduct committed by Phillabaum because Judge Guckenberger found it unnecessary to take testimony on that issue.

**{¶ 15}** In sum, it is not clear how review of the motion to dismiss would have prejudiced Judge Sage against Johnson. On this record, no reasonable and objective observer would have serious doubts about the judge's impartiality. *In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8 (setting forth the proper test for disqualifying a judge).

Defendant Johnson's Affidavit of Disqualification

**{¶ 16}** Johnson claims that Judge Sage cannot be impartial in his case due to the judge's close relationship with Phillabaum. According to Johnson, if he is convicted, Judge Sage will punish him more harshly because of the judge's relationship with Phillabaum. In addition, Johnson believes that Judge Sage will "hold a grudge" against his attorney because attorney Crehan may be called to testify against Phillabaum.

**{¶ 17}** "Generally, the more intimate the relationship between a judge and a person who is involved in a pending proceeding, the more acute the concern that the judge may be tempted to depart from the expected judicial detachment or to reasonably appear to have done so." *In re Disqualification of Shuff*, 117 Ohio

St.3d 1230, 2004-Ohio-7355, 884 N.E.2d 1084, ¶ 6. And disqualification is appropriate where a judge has significant personal or professional connections to one of the parties, *In re Disqualification of Celebrezze*, 105 Ohio St.3d 1241, 2004-Ohio-7360, 826 N.E.2d 301, or enjoys a close relationship with or holds particularly strong emotional ties to a person involved in an action before the judge, *In re Disqualification of Nadel*, 47 Ohio St.3d 604, 546 N.E.2d 926 (1989).

**{¶ 18}** The affidavit in this case, however, does not provide convincing proof that Judge Sage's disqualification is justified. Judge Sage has severed the allegations of misconduct against Phillabaum from Johnson's underlying criminal case. Thus, Phillabaum is not involved in any proceedings before Judge Sage. Moreover, there is no evidence before me that Judge Sage and Phillabaum share any close friendship or social relationship or have strong emotional ties.

**{¶ 19}** As to the fact that Phillabaum previously served as the prosecutor assigned to Judge Sage's courtroom, Johnson has not shown that this prior professional relationship requires the judge's disqualification. A judge will not be disqualified based on the mere existence of a professional relationship with a person involved in a pending action, absent some evidence that the judge's relationship will affect the judge's consideration of the case. *See In re Disqualification of Koch*, 113 Ohio St.3d 1220, 2006-Ohio-7228, 863 N.E.2d 624 (disqualification of entire county bench is not warranted where county prosecutor and assistant prosecutors may be called as witnesses); *In re Disqualification of Russo*, 127 Ohio St.3d 1232, 2009-Ohio-7201, 937 N.E.2d 1021 (disqualification of judge not required where defendant was a nonjudicial employee of the same court as the judge); *In re Disqualification of Economus*, case No. 87-AP-059 (Sept. 8, 1987) (an existing friendship between judge and assistant prosecutor does not mandate judge's disqualification from cases handled by that assistant prosecutor); and *In re Disqualification of Celebrezze*, 74 Ohio St.3d 1231, 657 N.E.2d 1341 (1991) (disqualification of judge not warranted where another judge

who served on the same court but in a different division was a party and potential witness). Here, Johnson's claims that Judge Sage will hold a grudge against defense counsel and impose a harsher sentence are speculative and based entirely on Johnson's own subjective beliefs. But Johnson's subjective beliefs alone are not sufficient to support his affidavit of disqualification. *See In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 7.

{¶ 20} "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 21} Accordingly, the affidavits of disqualification are denied. The case may proceed before Judge Sage.

_____