O'Connor, C.J.
*1191 *1264 {¶ 1} Defendant, Sheila M. Eyajan, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 and 2701.031 seeking to disqualify Judge Laura DiGiacomo from presiding over any further proceedings in the above-referenced case.
{¶ 2} Ms. Eyajan claims that Judge DiGiacomo improperly denied her right to a jury trial and refused to remove her appointed defense counsel. In addition, Ms. Eyajan asserts that the judge has a conflict of interest because she is friends with a deputy who Ms. Eyajan claims used unnecessary physical force against her during her arrest.
{¶ 3} Judge DiGiacomo has responded in writing to the affidavit and states that she has been fair and impartial in the underlying matter. The judge denies any conflict of interest and states that she has "nothing more than a working relationship" with the deputy and does not have any social relationship with him outside of her employment.
{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge DiGiacomo.
{¶ 5} First, an affidavit of disqualification "addresses the narrow issue of the possible bias of a judge," and " 'it is not a vehicle to contest matters of substantive or procedural law.' " In re Disqualification of McGrath , 149 Ohio St.3d 1224, 2016-Ohio-8601, 74 N.E.3d 453, ¶ 2, quoting In re Disqualification of Solovan , 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Therefore, it is outside the scope of this proceeding to review whether Judge DiGiacomo improperly denied Ms. Eyajan's requests for a jury trial and to remove her appointed counsel. "Adverse rulings, without more, are not evidence that a judge is biased *1265 or prejudiced." In re Disqualification of Russo , 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 5.
{¶ 6} Second, Ms. Eyajan has not established any disqualifying conflict of interest. R.C. 2701.03(B)(1) requires that an affidavit of disqualification include the "specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations." Ms. Eyajan's affidavit fails to sufficiently explain how Judge DiGiacomo's alleged relationship with the deputy creates a conflict of interest in this case . It is unclear from Ms. Eyajan's affidavit whether the deputy is a victim, a witness, or otherwise involved in the underlying matter. "[V]ague, unsubstantiated allegations * * * are insufficient on their face for a finding of bias or prejudice." In re Disqualification of Walker , 36 Ohio St.3d 606, 522 N.E.2d 460 (1988).
{¶ 7} Even if the deputy is involved in the underlying case, Judge DiGiacomo states that she has only a professional relationship with him. Disqualification requests based on similar professional connections are generally denied. See In re Disqualification of Solovan , 100 Ohio St.3d 1238, 2003-Ohio-5483, 798 N.E.2d 21 (disqualification request denied when the defendant in the underlying case was charged with criminal acts against county sheriff's deputies, who also provided security for the courthouse, and there was no suggestion that the judge had anything more than a professional relationship with the deputies); In re Disqualification of Barrett , 152 Ohio St.3d 1275, 2017-Ohio-9435, 99 N.E.3d 410 (disqualification request denied when the underlying case involved an alleged victim who was also an employee of a different division of the common pleas court; the judge affirmed that he had no personal relationship with the employee and knew her only vaguely *1192 because they both worked in the same courthouse).
{¶ 8} The affidavit of disqualification is denied. The case may proceed before Judge DiGiacomo.