O'Connor, C.J.
*1298 {¶ 1} Sonya Marshall, counsel for the father in the above-referenced child-custody case, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge David B. Bennett from presiding over any further proceedings in the custody case.
{¶ 2} Ms. Marshall claims that an appearance of impropriety would exist if Judge Bennett were to preside over the matter because the child's mother is an employee of the Guernsey County Common Pleas Court. Specifically, Ms. Marshall asserts that the child's mother is the deputy chief probation officer in the Adult Probation Department.
{¶ 3} Judge Bennett has responded in writing to the affidavit and does not believe that his disqualification is warranted.
{¶ 4} "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality."
*262 In re Disqualification of Lewis, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. Thus, disqualification is appropriate when a professional relationship between a judge and an individual involved in a proceeding-such as a party, witness, or the alleged victim-could suggest to a reasonable person the existence of prejudice.
{¶ 5} The facts here are similar to those in In re Disqualification of Barrett , 152 Ohio St.3d 1275, 2017-Ohio-9435, 99 N.E.3d 410. In that matter, the alleged victim in a criminal case was an employee of the juvenile and probate divisions of the Hardin County Court of Common Pleas. The defendant's counsel sought to disqualify the general-division judge presiding over the criminal case, arguing that an appearance of impropriety would exist if that judge were to preside over the matter because the alleged victim worked in the same courthouse as the judge and had access to the judge and his staff. In response, the judge stated that the alleged victim was an employee of different divisions of the common *1299 pleas court, that he had no personal relationship with the alleged victim, and that he knew her only vaguely as an employee of the juvenile court, which was located on a different floor in the courthouse. Considering the judge's response, the chief justice denied the affidavit of disqualification. The affiant had not offered convincing evidence of a significant professional or personal relationship between the judge and the alleged victim that would suggest that the judge could be tempted to depart from his expected judicial neutrality.
{¶ 6} Here, Judge Bennett has stated that the mother, as an adult-probation officer, is employed by a different division of the common pleas court, that he has no control over her or interaction with her as a probation officer and is unaware of any case in which she appeared before him in that capacity, and that although both the adult- and juvenile-probation departments are located in the same courthouse, they do not share office space. Ms. Marshall asserts that the "reasonable observer would not delineate whether [the mother] was technically employed and supervised by the Juvenile Division or the General or Domestic Relations Division." It is well established, however, that the "reasonable observer is presumed to be fully informed of all relevant facts in the record-not isolated facts divorced from their larger context," In re Disqualification of Gall , 135 Ohio St.3d 1283, 2013-Ohio-1319, 986 N.E.2d 1005, ¶ 6.
{¶ 7} Based on this record-and under Barrett -no reasonable and objective observer would question Judge Bennett's impartiality. "The statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." In re Disqualification of George, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.
{¶ 8} The affidavit of disqualification is denied. The case may proceed before Judge Bennett.